Jeanne WOOD et al.

v.

Lisa BRATCHER–BAILEY.

No. 95–304–Appeal.

Supreme Court of Rhode Island.

April 25, 1996.

Mark Fay, Providence.

Paul A. Anderson, Kingston.

**ORDER**

This matter came before a panel of the Supreme Court for oral argument on April 16, 1996, pursuant to an order that directed the defendant, Lisa Bratcher–Bailey, to show cause why her appeal should not be summarily decided. The defendant has appealed from a judgment entered following a jury verdict in favor of the plaintiffs, Jeanne Wood (Wood), her husband, Edward Wood, and her children, Genna, Breanna and Tyler. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the case will be decided at this time.

At approximately 8:22 a.m. on December 16, 1988, defendant and Wood were involved in an automobile accident in Middletown, Rhode Island. The accident occurred on West Main Road, a four-lane highway (two lanes in each direction), in front of the entrance to the John F. Kennedy School. The plaintiffs filed a complaint in the Superior Court on September 12, 1991, alleging that defendant caused the accident. According to plaintiffs, defendant caused the accident by driving from the entrance road of the school into the curbside lane in which Wood was traveling.

A jury trial was held in February, 1995. At trial, a school bus driver who witnessed the accident testified that she saw defendant's car drive onto West Main Road from the entrance road of the school, but that she could not recall whether the accident occurred in the curbside or passing lane. Defense counsel then refreshed the bus driver's recollection by reading the following excerpt from her deposition testimony given on June 5, 1993:

"Q: Did you see the car pulling out of the school cross into the second lane of travel in the southbound lanes?

"A: I probably did.

"Q: Is it your memory that you did?

"A: That's the best I can remember."

When asked again by defense counsel whether the collision occurred in the curbside lane or the passing lane, the bus driver stated, "I don't think [defendant] was quite in the middle of the road yet. * * * I think it was closer to curbside lane."

During deliberations, the jury asked the trial justice for the portion of the bus driver's deposition that was contradicted by her testimony. Defense counsel objected to the reading to the jury of any statements except the deposition testimony quoted above, but the trial justice stated that the jury was entitled to hear all of the bus driver's testimony relating to the location of the accident, which testimony was contained on less than two pages of transcript. After the testimony was re-read, the jury returned a verdict in favor of plaintiffs, awarding $40,000 to Wood, $2,000 to her husband, and $1,000 to each of her three children for loss of consortium. The defendant filed a timely notice of appeal.

On appeal, defendant argued that the trial justice erred in having re-read to the jury more testimony than the jury had requested. It is well settled, however, that the "decision to read testimony during jury deliberations clearly rests within the trial justice's discretion." *State v. Gomes*, 604 A.2d 1249, 1259

(R.I.1992). The jury's request indicated that it was considering the question of the location of the accident as well as the credibility of the witness. We are of the opinion that the trial justice did not abuse his discretion when he determined that the witness's cross-examination testimony was relevant in that it helped to explain her deposition testimony.

Consequently, we deny and dismiss the appeal and affirm the judgment entered in the Superior Court, to which the papers in the case may be remanded.

WEISBERGER, C.J., and MURRAY, J., did not participate.